## John Siegle v. Emma Rush.

1. INTOXICATING LIQUORS—*When Sales May be Regarded as Willfully Made.*—Sales of intoxicating liquor by a dramshop keeper to a husband after such keeper has been warned by the wife to desist, may be regarded as willfully made, and the fact would be proper for the consideration of the jury in determining the question of vindictive damages.

2. SAME—*Sales Under the Dramshop Act—Sufficiency of Proof.*— Where the ground of recovery charged in an action under the dramshop act is the sale of liquor which has caused habitual drunkenness, the proof should be such that the jury can say that the person charged has sold a sufficient number of times to materially aid in bringing about a state of habitual drunkenness.

Action, under the dramshop act. Appeal from the Circuit Court of Pike County; the Hon. JEFFERSON ORR, Judge, presiding. Heard

in this court at the November term, 1897. Affirmed. Opinion filed December 2, 1897.

W. E. Williams and H. D. L. Grigsby, attorneys for appellant.

The law distinctly bases the right to recover upon an injury to the person, property or means of support of the plaintiff, occasioned by the intoxication of the party to whom the liquor is furnished. Fentz v. Meadows, 72 Ill. 540; Mayers v. Smith, 25 Ill. App. 67.

William Mumford, attorney for appellee.

Exemplary damages may be allowed when it appears that sales were made after notice of warning not to sell. McMahon et al. v. Sankey, 133 Ill. 636; Meidel v. Anthis, 71 Ill. 241.

Exemplary damages, and damages assessed as punishment, mean the same thing, and they may be allowed, in proper cases, after proof of some actual damages. Hanewacker v. Ferman, 152 Ill. 321.

Sales to one who is drunk may authorize exemplary damages, upon proof of actual damages. Betting et al. v. Hobbett, 142 Ill. 72.

Sales to one known to be an habitual drunkard may authorize exemplary damages. Kennedy Bros. et al. v. Sullivan, 136 Ill. 94.

Mr. Presiding Justice Harker delivered the opinion of the Court.

This suit was brought by appellee under the ninth section of the Dramshop Act, to recover damages for injury to her means of support by reason of the habitual intoxication of her husband, caused by the sale of intoxicating liquor to him by the appellant and his agents. She recovered a judgment for $1,750 against appellant.

A reversal is asked upon the grounds that the court erred in ruling upon the admissibility of testimony, that the evidence does not support a finding for the plaintiff, that the damages are excessive, that the court erred in giving

instructions for the plaintiff and that instructions which should have been given for the defendant were refused.

The evidence shows that five years before the commencement of the suit, appellee was living with her husband and their one child at the village of Detroit, in the eastern part of Pike county. He owned and operated at that place a blacksmith and repair shop and had an unpaid inheritance from his father's estate of between $3,500 and $4,000. There were no saloons in Detroit, and none were opened there during the five years immediately prior to the commencement of the suit. Appellant had a saloon at Barry, in the same county, and, with a brother, operated two at Pittsfield during the years 1893 and 1894. In 1892, appellee's husband began the excessive use of intoxicating liquor. The habit grew on him; he neglected his business; he dissipated his property; and before the commencement of this suit, he had squandered his inheritance, had lost his shop, and was left without any means of support. He had become an habitual drunkard and an incumbrance instead of a support to his wife, who, by her needle and by keeping boarders, was supporting the family.

Appellee testified that before her husband had acquired the habits of a drunkard he did a profitable business and provided well for her and the family. We see no reason for doubting the truthfulness of her statements in that regard. That she has been injured in her means of support to the extent of $1,750 the evidence clearly shows.

It is conceded that damages could not be recovered for sales made more than five years before appellee began her suit. But it was not error in the court to allow her to testify that prior to the five years she had accosted appellant upon the subject of selling liquor to her husband, and that when he acknowledged to doing so, she warned him to desist or she would put the law in operation against him. If she did so warn him, a sale subsequently made could be regarded as willfully made, and the fact would be a proper one to be considered by the jury in determining the question of vindictive damages. We do not think the verdict

can be regarded as including more than actual damages, but at the time the testimony was offered it was proper to go to the jury.

It is most earnestly urged that the proofs do not show that appellant made sales of liquor to appellee's husband which materially aided in producing his habitual drunkenness. Where the ground for recovery charged is the sale of liquor which has caused habitual drunkenness the proofs should be such that the jury can say that the person charged has sold a sufficient number of times to materially aid in bringing about the state of habitual drunkenness. Positive proof of numerous sales is not indispensable, however, to bring them to that conclusion. In this case a careful review of the testimony brings us to the belief that much of the liquor used by appellee's husband during the years 1892, 1893 and 1894, was procured at the saloons of appellant.

Jugs and packages of liquor were frequently brought to him by express and by the mail carrier from appellant's saloons at Pittsfield. It is claimed that neither appellant nor his bartender knew that the liquor was for him and that the person who procured it did not state the name of the purchaser. While we do not think appellant could escape liability for actual damages by showing that the sales were not knowingly made to appellee's husband, we are led to the belief, from all the facts and circumstances in proof, that neither appellant nor his bartender were so ignorant upon that matter as counsel would have us believe. The mail carrier, who procured a jug or two of liquor per week for Rush, was forced to admit reluctantly that he sometimes told the bartender the particular brand that Rush wanted. Appellee herself testified to hearing her husband order from appellant a gallon of his best whisky and seeing him pay for it.

We see nothing seriously wrong with the instructions given for the plaintiff.

The seventh is subject to the greatest criticism. But as that can be regarded as objectionable only for the

reason that it might lead the jury to infer that it was their duty to award exemplary damages, and we do not regard the damages awarded as including more than actual damages, no harm was done by giving it.

No error was committed in refusing or modifying instructions offered by the defendant. Judgment affirmed.